UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BRISHA ROBINSON, | ) |
| *Plaintiff*, | ) |
| | ) Case No: 1:18-cv-259 |
| v. | ) |
| | ) Judge Steger |
| ANDREW SAUL, Acting Commissioner of Social Security, | ) |
| | ) |
| *Defendant*. | ) |

## MEMORANDUM OPINION

Plaintiff Brisha Robinson seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34, 1381-83f. [*See* Doc. 1]. The parties consented to the entry of final judgment by the undersigned United States Magistrate Judge, according to 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 15].

For the following reasons, Plaintiff's Motion for Judgment on the Pleadings [Doc. 19] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 25] will be **GRANTED**; and judgment will be entered **AFFIRMING** the Commissioner's decision.

I.   **Procedural History**

In May 2016, Plaintiff applied for supplemental security income under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-434. (Tr. 10). Plaintiff's alleged disability onset began on January 1, 1998. (*Id.*). Plaintiff's claims were initially denied, so she requested a hearing before an

1

administrative law judge. (*Id.*).

In November 2017, ALJ Carey Jobe heard testimony from Plaintiff, her attorney, and a vocational expert. (*Id.* at 10-20). The ALJ then found that Plaintiff was not under a "disability" as defined by the Act. (*Id.* at 20).

After the ALJ rendered the decision denying benefits, Plaintiff requested review from the Appeals Council; however, Plaintiff's request for review was rejected (*Id.* at 7-9). Plaintiff has exhausted her administrative remedies, and the ALJ's decision stands as the "final decision" of the Commissioner subject to judicial review. 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff filed her Complaint in October 2018, seeking judicial review of the Commissioner's final decision under § 405(g). [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. Findings by the ALJ

In her decision, the ALJ made the following findings:

1. Plaintiff had not engaged in substantial gainful activity since May 27, 2016, the application date (20 C.F.R. §§ 416.971 *et seq.*).

2. Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine, osteoarthritis of knees bilaterally, and morbid obesity (20 C.F.R. §§ 416.920(c)).

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).

4. Absent certain limitations, Plaintiff retained the residual-functional capacity to perform sedentary work as defined in 20 C.F.R. § 416.967(a).

5. Plaintiff has no past relevant work (20 C.F.R. § 416.965).

6. Plaintiff was born on January 3, 1976, and was 40 years old, which is defined as a younger individual age 18-44, on the date last insured (20 C.F.R. § 416.963).

7. Plaintiff has limited education and can communicate in English (20 C.F.R. § 416.964).

8. Transferability of job skills is not material to the determination of disability because Plaintiff does not have past relevant work (20 C.F.R. § 416.968).

9. Considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the Plaintiff could have performed (20 C.F.R. §§ 416.969 and 416.969(a)).

10. Plaintiff was not under a disability, as defined in the Social Security Act since May 27, 2016, the application date (20 C.F.R. § 416.920(g)).

(Tr. at 10-20).

### III.  Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability under the Act is an administrative decision. For claimants to establish a disability under the Social Security Act, they must show that they are unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether someone is disabled. 20 C.F.R. §§ 404.1520; 416.920. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful

3

Case 1:18-cv-00259-CHS   Document 29   Filed 08/04/20   Page 3 of 11   PageID #: 696

activity, she is not disabled; (2) if the claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, she is disabled; (4) if the claimant is capable of returning to work she has done in the past, she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy that she can perform considering claimant's age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the findings of the Commissioner and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings, then he must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes there is a zone of choice within which the decision-makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th

Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But for the substantial-evidence review, courts may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived). Also, "issues [that] are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

**IV.     Analysis**

Plaintiff raises the following issues: (1) Whether the ALJ erred in determining that Plaintiff did not meet Listing 1.04; (2) Whether the ALJ properly evaluated Plaintiff's subjective complaints; and (3) Whether the ALJ erred in evaluating Dr. Mullady's opinion. The Court will address each in turn.

**A.     Did the ALJ err in determining that Plaintiff failed to meet Listing 1.04?**

Plaintiff's first contention is that the ALJ erred by not finding that Plaintiff met Listing § 1.04. [Doc. 21 at PageID #: 657-60]. The ALJ noted the following in her decision as it relates to Listing § 1.04:

> Under Listing 1.04 for *Disorders of the Spine*, the Regulations require evidence of disc herniation, stenosis, arachnoiditis, osteoarthritis, or other degenerative disc disease, with: (1) evidence of nerve root compression characterized by neuro-

5

anatomic pain, loss of motion, motor loss, and sensory or reflex loss; (2) spinal arachnoiditis manifested by severe burning or painful dysesthesia resulting in the need for changes in position more than once every two hours; or (3) lumbar stenosis resulting in pseudoclaudication resulting in an inability to ambulate effectively. The medical evidence does not establish the existence of the above signs or symptoms.

(Tr. 15).

Plaintiffs bear the burden of showing that they meet a listed impairment at the third step of the sequential evaluation. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987). An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. § 416.925(d). Plaintiffs do not satisfy a listing unless all of the requirements of the listing are present. *Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987). *See also Thacker v. Soc. Sec. Admin.*, 93 Fed. App'x. 725, 728 (6th Cir. 2004) ("When a claimant alleges that [they] meet[ ] or equal[ ] a listed impairment, [they] must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency.") If a plaintiff successfully carries this burden, the Commissioner must find that the claimant is disabled without considering their age, education, and work experience. 20 C.F.R. § 416.920(d).

For plaintiffs to satisfy Listing § 1.04(A), they are required to demonstrate compromise of a nerve root or the spinal cord, and: (1) neuro-anatomic distribution of pain; (2) limitation of motion of the spine; (3) motor loss (atrophy with associated muscle weakness or muscle weakness); (4) sensory or reflex loss; and (5) positive straight leg raise test, in both the sitting and supine positions. In addition, the regulations require that the abnormal findings must be established over some time: "Because abnormal physical findings may be intermittent, their presence over a

6

period of time must be established by a record of ongoing management and evaluation." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(D).

Although Plaintiff contends that she meets Listing § 1.04, she has not shown how she meets all of its requirements. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (affirming that "a claimant has the burden of demonstrating that her impairment meets or equals a listed impairment" and that "[a] claimant must demonstrate that her impairment satisfies the diagnostic description for the listed impairment to be found disabled thereunder."). The reasons Plaintiff cites to support the fact that she meets the Listing were discussed—and then dismissed—by the ALJ. For example, the ALJ found that the medical evidence supported that Plaintiff suffered from degenerative disc disease of the cervical spine, including specific diagnoses of cervical radiculopathy and spinal stenosis in the cervical region. (Tr. 16). The ALJ recognized Plaintiff's reports of neck pain and radiculopathy, as well as symptoms of aching, shooting, and stabbing pain in her left shoulder and tingling and numbness in her arm. (Tr. 16). The ALJ also discussed Plaintiff's March 2016 x-ray of her cervical spine that showed mild-degenerative changes and her April 2016 cervical spine MRI scan that showed nerve-root compression and central canal stenosis. (Tr. 16). He further noted the positive findings at Plaintiff's appointments with pain management. (Tr. 17).

But the ALJ reasonably found inconsistencies among these findings. Though Plaintiff was sometimes found to have a reduced range of motion, more frequently, her range of motion was complete. (*Id.*). Further, in March 2016, x-rays of Plaintiff's left shoulder were normal. (*Id.*). Her left shoulder had normal muscle strength and sensation. (*Id.*) Plaintiff's left elbow, forearm, wrist, and hand were found to be normal to inspection and palpation, with normal range of motion, muscle strength and stability. (*Id.*). The ALJ further noted that Plaintiff had previously reported

7

she had no neck pain or decreased range of motion in her neck. (*Id.*). Plaintiff reported that rest, narcotic medication, over-the-counter pain relievers, and a change in position helped alleviate the pain. (*Id.*). Her plan of care was frequently continued without change. (Tr. 493, 496, 500, 508, 512, 519). Her dosage of hydrocodone was increased in January 2017 (Tr. 516), and in August 2017, she was switched from hydrocodone to Percocet (Tr. 489).

The ALJ also noted that despite Plaintiff's reports of pain, she was able to perform her activities of daily living while using narcotic medication. (Tr. 18). Further, the ALJ's finding that Plaintiff did not meet Listing § 1.04 is supported by the opinions of Dr. Patikas and Dr. Thrush, state-agency medical consultants who reviewed Plaintiff's claim at the initial and reconsideration levels of review. (Tr. 68, 82).

In sum, because Plaintiff met only some of the requirements, she does not qualify for Listing § 1.04. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Therefore, the ALJ was not in error. *See Post v. Comm'r of Soc. Sec.*, No. 1:10-cv-271, 2011 WL 4954053, *7 (W.D. Mich. Sept. 26, 2011) ("Plaintiff did not carry his burden of providing medical evidence establishing the motor loss and sensory loss required by listing 1.04(A) . . . . Dr. Kidwai did not provide the circumferential measurements required by the listing.").

> **B.     Did the ALJ fail to properly consider Plaintiff's subjective complaints and allegations?**

Plaintiff next contends that the ALJ erred by not properly considering Plaintiff's subjective complaints. [Doc. 21 at PageID #: 646-51]. The Court disagrees.

As an initial matter, Plaintiff's arguments about her credibility are within the ALJ's discretion. *See Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (recognizing

that the Sixth Circuit holds the ALJ's credibility findings to be virtually "unchallengeable") (citations omitted). An ALJ's findings on credibility" are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). But those findings must be supported by substantial evidence. *Id.* And "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.*

Turning to Plaintiff's subjective complaints of pain, in *Duncan v. Secretary of Health and Human Services*, the Sixth Circuit noted the following for evaluating subjective complaints:

> First, we examine whether there is objective medical evidence in an underlying medical condition. If there is, we then examine (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

801 F.2d 847, 853 (6th Cir. 1986). Whether the objective evidence confirms the severity of the alleged pain or whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain, the ALJ must consider the following factors: (i) daily activities; (ii) the location, frequency, and intensity of the pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) treatment, other than medication, received or have received for relief of pain or other symptoms; (vi) any measures that are used or were used to relieve pain or other symptoms; (vii) other factors concerning functional limitations and restrictions due to pain or other symptoms. Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *3 (July 2, 1996) (citing 20 C.F.R. § 1529(c)(4)).

In considering Plaintiff's symptoms as well as the medical evidence, the ALJ found that Plaintiff's allegations regarding the limiting effects of her symptoms were not entirely credible. (Tr. 18); *see* 20 C.F.R. § 404.1529 ("In determining whether you are disabled, we consider all of your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."). As a basis for this finding, the ALJ found the lack of objective evidence to support Plaintiff's complaints, her activities of daily living, discrepancies within the record, and the medical opinions not being supportive of the alleged disability. (Tr. at 15-20). An ALJ may find a claimant's statements "less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." *See* SSR 96–7p, 1996 WL 374186, at *7. The evidence regarding the severity of Plaintiff's impairments is inconsistent and can support more than one reasonable conclusion. The Court will not second-guess the ALJ's finding since the ALJ gave numerous reasons, supported by the record, for determining that Plaintiff's subjective allegations were not entirely credible. Remand is, therefore, unnecessary. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713–14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess.").

### C. Did the ALJ err in assessing Dr. Mullady's opinion?

Plaintiff's final contention is that the ALJ erred in not affording any weight to Dr. Mullady's opinion. [Doc. 21 at PageID #: 651-52]. But, as the Government correctly notes, the ALJ was not required to consider Dr. Mullady's opinion because it was not within the relevant period.

In determining whether substantial evidence supports the ALJ's determination, the emphasis is on the relevant period. *See, e.g.*, *Seeley v. Comm'r of Soc. Sec.*, 600 F. App'x 387, 390–91 (6th Cir. 2015). That is not to say, however, that evidence beyond that period is irrelevant. *See Ellis v. Schweicker*, 739 F.2d 245, 248–49 (6th Cir. 1984). But that such evidence "is generally of little probative value" as to whether the claimant is disabled "during the insured time period." *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004). Similarly, evidence that "predate[s] the alleged onset of disability [is] of limited relevance." *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (citing *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989)).

Here, Dr. Mullady's opinion is from a prior disability application. So, given its "limited relevance," the Court sees no reason to disturb the ALJ's assessment of Dr. Mullady's opinion. *See id.* Remand is unnecessary.

## V.  Conclusion

Substantial evidence supports the ALJ's finding that Plaintiff could perform sedentary work with certain limitations. (*See* Tr. 20). Therefore, having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Judgment on the Pleadings [Doc. 19] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 25] will be **GRANTED**; and the decision of the ALJ will be **AFFIRMED**. Judgment shall be entered in favor of the Defendant.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE